C. H. BELL v. G. W. FAISON, ADMINISTRATOR, ETC.

1. ESTATES OF DECEDENTS. *Reference to auditors. Proceedings under Code 1871, § 1142. Proper subjects thereof.*

Under § 1142 Code of 1871, which provides for the administrator contesting claims presented against the estate of his decedent, on the report of the auditors coming in, no decree can be made, except that the claim contested " be allowed or disallowed." A decree in

such a case disallowing credits on notes, which credits constituted in part the claim contested, and establishing the notes as a lien on land, is erroneous.

2. SAME.    *Code 1871, § 1142.    Proceeding cannot be applied to attack credits on a note due decedent.*

The proceeding provided by § 1142 Code 1871, for contesting claims against estates, relates to claims presented for allowance, and credits on notes payable to the decedent and held by the administrator are not the proper subjects of such proceedings.

3. CHANCERY COURT.    *Equity side.    Bill to foreclose vendor's lien.*

Where the administrator holds notes payable to his intestate, which are secured by a lien on the land of the maker of the notes, and on which notes are credits, the validity of which the administrator desires to contest, his obvious course is to file a bill in equity to enforce the notes against the land, and, by proper averments in his bill, to attack the validity of the credits.

APPEAL from the Chancery Court of Sunflower County.

Hon. THOMAS WALTON, Chancellor.

*D. A. Holman*, for the appellant.

1. The final decree was erroneous. Nothing in the petition, prayer or proof suggests any lien on land. The proceeding is not one in which a decree enforcing a lien can be made. The probate side of the Chancery Court has not jurisdiction to make such a decree.

2. The proceeding was founded in a misconception of the force and effect of § 1142 Code 1871. Accounts against estates must be registered, § 1140; which is presentation sufficient. But, if not registered, the administrator may pay them any how, at his risk. § 1137. If the claim be rejected under § 1142, it is conclusive on nobody. The claimant has a right to a jury trial, and so may sue at law.

3. How could the probate side of the Chancery Court find jurisdiction to contest the validity of credits entered on the back of these notes?

4. The judgment or decree, being an entirety, cannot be reversed in part and sustained in part. 5 Wend. 315; 14 Johns. 425; 5 Barb. 296; 5 Hill, 441; 1 Denio, 527; 1 How. 527; 5 How. 517; 2 How. 786; 4 S. & M. 737; 24 Miss. 486; 1 Ired. 482; 44 Miss. 294.

*Phelps & Skinner* and *Johnston & Johnston*, for the appellee.

1. The proceeding was, in strict accordance with § 1142 Code 1871, to contest certain claims probated by the appellant against the estate; to wit, the account and the credits on the notes.

2. No exceptions having been taken at the time to the auditor's report, this court cannot notice any objections raised to it here. The finding of the Chancellor on the auditor's report is conclusive.

3. We wish the court to pass upon the point, whether the decree can be sustained as a chancery proceeding to enforce the lien.

4. If the decree is erroneous in directing a sale of the land, it should be at least sustained as to the invalidity of the credits and account.

CAMPBELL, J., delivered the opinion of the court.

The appellee petitioned the Chancery Court, and showed that he held, as administrator, two notes of the appellant payable to the intestate of the petitioner, and having indorsed upon them two credits aggregating $360.39, which are alleged to be unwarranted and improper; and petition avers that the full sum promised by the notes is due and owing from the maker. The petition further shows that the appellant had probated, against the estate of said intestate, an open account for $318.44, which is averred not to be a legal charge against said estate; wherefore the petitioner contests said claims, and prays that the said pretended credits on the notes and said account be disallowed, and that the appellant as maker of said promissory notes be declared to be indebted the full amount of the notes, disregarding said credits, and be decreed to pay it. The petition concludes thus: "And your petitioner prays that said contestation be referred to auditors to hear evidence on both sides and report to this honorable court." The appellant being summoned to answer this remarkable petition, appeared and demurred to it for want of equity and want of jurisdiction. His demurrer was overruled; he answered, and the case was referred to an auditor to hear the evidence and

report according to its merits.    The auditor reported that the two credits indorsed on the notes were invalid, and that the appellant owed the full amount of the notes.    This report was excepted to by the appellant, but afterwards, and without any formal disposition of the exceptions, a final decree was rendered against the appellant, in favor of the appellee, for the principal and interest due by the two promissory notes, rejecting the credits.    The sum so found to be due was declared to be a lien on certain land described by numbers in the decree; and it was further ordered that, if this sum of money should not be paid within thirty days, execution should issue to be executed by sale of the lands described, and for any balance against the real and personal estate of the appellant.    The auditor took no notice of the probated account mentioned in the petition, and it is not referred to or embraced in the final decree.    An appeal is prosecuted from this decree. The petition was, as we suppose, intended to be under § 1142 Code of 1871, and it is very clear that the credits on the two notes cannot be contested in such proceeding.    " The executor or administrator may contest . . . any claim *presented* against the estate."    This relates to a claim presented for allowance. The obvious course for the appellee was to file his bill in chancery to enforce the notes against the land on which they are a lien, and by proper averments in his bill to attack the validity of the credits he finds on the notes and desires to question.    In a proceeding under § 1142 of the Code, no decree can be made, except that the claim contested " be allowed or disallowed."    The decree in this case disallowing the credits, and establishing the notes as a lien on land not described nor sought to be affected by the petition, is as curious as it is erroneous.    How a petition to contest the validity of credits on notes and a claim by open account could result in a decree disallowing the credits, pretermitting all mention of the account, and condemning land to be sold under execution, and ordering the estate of the maker of the notes to be subjected to execution for any deficit after sale of the particular lands condemned, is beyond comprehension or reasonable conjecture.    It must be without precedent or parallel.    The credits on the notes were not the proper subjects of such pro-

ceeding, and the open account probated against the estate was lost sight of in all the proceedings after the petition.

The decree will be reversed and cause remanded. The appellee should be taxed by the Chancellor with all the costs accruing from the order of reference.