WILSON v. WILSON.

(In Banc. November 24, 1947.)

[32 So. (2d) 686. No. 36607.]

See also 198 Miss. 334, 22 So. (2d) 161, 23 So. (2d) 303; 202 Miss. 545. 32 So. (2d) 688.

**Vollor, Teller & Biedenharn,** of Vicksburg, for appellant.

**Brunini, Brunini & Everett** and **R. M. Kelly,** all of Vicksburg, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This case is here on appeal from an interlocutory decree overruling a demurrer to an amendable bill of complaint, and the allowance of such an appeal is contrary to the rule announced in Carothers v. Bank of Baldwyn, 158 Miss. 602, 131 So. 111, Stirling et al. v. Whitney National Bank, 170 Miss. 674, 150 So. 654, and other similar cases in that behalf more recently decided. Moreover, instead of saving expense and avoiding delay, the appeal has occasioned both, and it will not result in settling the controlling principles of law involved, as will be hereinafter shown.

On the 17th day of November, 1942, the appellant filed a suit against the appellee for divorce, which she later caused to be dismissed. Thereafter, on June 7, 1943, she filed a suit for separate support and maintenance alone, and on the 16th day of September, 1943, obtained a decree therein against the appellee for the sum of $125 per month. That suit was defended by her said husband on the sole ground that she had deserted him on June 20, 1942, and that such desertion had been willful, obstinate, and continuous for a period of more than one year prior to the said 16th day of September, 1943. No appeal was taken by the husband from the decree allowing the wife the said sum of $125 for support and maintenance, but on the 26th day of November, 1943, he filed a suit for divorce against her and obtained a decree therefor on the ground of desertion on her part. From that decree, the wife took an appeal to this Court where the decree of divorce in favor of the husband was reversed, and his bill of complaint dismissed on the ground that the decree of September 16, 1943, in the suit for separate support and maintenance was res judicata of the fact that she had not deserted him and that their living apart was not without justification so far as she was concerned. Wilson v. Wilson, 198 Miss. 334, 22 So. (2d) 161, 23 So. (2d) 303.

Thereafter the present suit was filed by the husband on December 4, 1946, again seeking a divorce on the ground of desertion, which is alleged to have commenced on June 20, 1942, and continued until the present time, and for more than one year since the decree in the suit for separate support and maintenance was rendered on the said 16th day of September, 1943. And the question raised by the demurrer in the instant case is the failure of the complainant to allege any material and substantial change of circumstances arising subsequent to the rendition of the decree for separate support and maintenance, or that he had been willing that she should return to their home; that she had been afforded the opportunity and has failed to do so; and that therefore the husband is now entitled to treat the wife's continued absence as a willful and obstinate desertion.

Wherefore, it will be readily seen that if the allegations of the bill of complaint are insufficient in the above particulars, the same could be amended so as to correct such alleged defect and the trial proceeded with.

The records in the several former proceedings between the parties are referred to in the bill of complaint, and they are asked to be taken and considered as a part thereof, but they are not filed as exhibits thereto so as to become a part of the bill of complaint, on demurrer.

As we understand the bill of complaint, the divorce is sought on the ground of desertion by the wife since September 16, 1943, inasmuch as her absence from home prior to that date has been finally adjudicated not to have been wrongful or without justification. If this be true, then she will be able, under the plea of res judicata, to introduce in evidence the former proceedings so as to limit the issue to what has transpired since September 16, 1943, under the well-settled law of the case.

At any rate, for the reasons stated in the first paragraph in this opinion, and under the authorities therein cited, this appeal must be dismissed, and the cause remanded.

Appeal dismissed and cause remanded.