TRIPPE *et al. v.* O'CAVANAUGH *et al.*

(In Banc. June 14, 1948. Suggestion of Error Overruled Sept. 27, 1948.)

[36 So. (2d) 166. No. 36813.]

538

Engle, Laub, Adams & Forman, of Natchez, and **George R. Smith,** of Gulfport, for appellants.

**Brandon, Brandon, Hornsby & Handy,** of Natchez, for appellees.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

The original bill in this case was filed in the Chancery Court of Adams County against Mrs. Anne Cross Trippe, as Administratrix of the estate of her former husband, Joseph Cross, who died intestate in Harrison County, Mississippi, and herself individually, and their children. The widow had remarried. Letters of administration on the estate of the decedent had been granted her in Harrison County, and the estate was then still in process of administration in the Chancery Court of Harrison County when this suit was filed in Adams County. The appellees

had also probated the claims here involved in the Harrison County Chancery Court, which were still unpaid.

Among the assets of the Estate of Mr. Cross was certain land lying and being situated in Adams County, devised to him by Mrs. Catherine B. Fagan, whose will had been admitted to probate in Adams County, where she resided, at the time of her death, and where at the time of the bringing of the suit at bar her estate had been fully administered and closed by the Chancery Court of Adams County.

The prayer of the original bill in the instant case was that the complainant be granted ''a lien against the undivided interest of the said Joseph B. Cross, and of his Administratrix of his estate, and of his heirs in and to all of the assets of the estate of Mrs. Catherine B. Fagan for the security and payment of all of the claims of the Complainants hereinabove set forth and sued upon duly probated against the estate of the said Joseph B. Cross, deceased; and that the Court will by its decree order and require that all of the interest of the said Joseph B. Cross, and of his Administratrix of his estate, and of his heirs, in and to the assets of the estate of Mrs. Catherine B. Fagan, be sold, by a commissioner to be appointed by this Court, the proceeds of such sale, after payment of costs and expenses of sale and of this proceeding to be applied and to be paid over to Complainants on account of their several claims and demands hereinabove sued on, to the extent that same may go, and to the extent of full payment of the same together with interest, attorneys fees, and cost as may be allowed by the Court.''

To the original bill, appellants, as defendants below, filed a general and special demurrer. It is not necessary for us to discuss the special demurrer, as the case must be disposed of on the general demurrer, that ''there is no equity on the face of the bill.'' This raised the challenge that the Chancery Court of Adams County had no jurisdiction of the case. Section 292, Griffith's Mississippi Chancery Practice. The issue before us, therefore,

is simply this: did the Chancery Court of Adams County have jurisdiction of this case against the Estate of Mr. Cross, when his estate was then in process of administration in Harrison County, simply because a piece of land in Adams County had been devised to him by a testator of Adams County? The appellants say not, and that therefore the Adams County Chancery Court had no jurisdiction of the case at bar. On the contrary, the appellees contend that the Adams County Court did have jurisdiction, since it was optional with them to sue in either county. The chancellor sustained the latter view, and overruled the demurrer. As the question is one in limine, lying at the very threshold of the suit, appellants were granted an appeal here to settle the general controlling principles of jurisdiction of the cause.

It will be noted that in the original bill no claim has been made that these claims of appellants had been allowed by the Chancery Court of Harrison County, where the estate of the deceased alleged debtor was being administered. In the contest of a claim against the estate of a decedent, on such contest, the only decree that can then be entered is one allowing or disallowing the claim, and that decree must be rendered by the chancellor having jurisdiction of the estate being administered. Furthermore, a monetary judgment against the administratrix for the sum for which the claim was allowed, if allowed, would be erroneous. Bell v. Faison, 53 Miss. 354, cited with approval in Cassedy v. Wells et al., 162 Miss. 103, 137 So. 472, 79 A. L. R. 1133. See also Floyd v. Potter's Estate (Miss.) 2 So. (2d) 840.

The case at bar is essentially against the Estate of Joseph B. Cross, despite the naming of his widow and children as defendants, because nonexempt lands of the estate must first be applied to the payments of decedent's debts, and do not descend to heirs until this is done—personalty first, and where that is deficient, upon proper petition and showing, the real estate. Such petition should be filed by the executor or administrator, Section

588, Code 1942; but may be filed by "Any creditor of the decedent whose claim against the estate is registered, . . . as the executor or administrator may, . . for the payment of debts; and the court shall hear and decide upon such petition, and decree as if the application had been made by the executor or administrator, and may order the executor or administrator to make the sale." Section 590, Code 1942. Certainly, such petitions obviously cannot be entertained by any chancery court other than the one where the letters had been granted. Yet, that is what the appellées sought, and were allowed here, by the Chancery Court of Adams County.

Section 1263, Code 1942, formerly Section 352, Code 1930, was construed in Newson et al. v. Federal Land Bank of New Orleans, 184 Miss. 318, 185 So. 595, and is as follows: "The court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor, administrator, guardian, or other officer appointed for the administration and management of the estate, and all demands against it by heirs at law, distributees, devisees, legatees, wards, creditors, or others; . . ."

In our opinion above [184 Miss. 318, 185 So. 600], we said that: "It would seem that this section is full, specific and definite, and authorizes the court in which letters of administration or of guardianship have been granted, to hear and determine all questions in relation to the execution of the trust of the executor, administrator, guardion or other officer appointed for the administration and management of all the estate, and all demands against it by heirs at law, distributees, devisees, legatees, wards, creditors, or others; . . ."

In the Newsom case, supra, we further held that "The statute quoted contemplates that the Chancery Court in which the guardianship is being administered shall draw to itself the decision and control of all litigation

affecting the guardianship, between the wards and the guardian, or between third persons and the guardian, or against the wards through the guardian. No suit, of course, can be maintained under the statute above mentioned, without application having been presented to the court, setting up some reasonable necessity for the bringing of such suit.''

The suit at bar was filed without permission, and was filed in a court other than the one having control of the administration. The above statute and authority would seem insufficiently clear, but, nevertheless, appellees contend that they could elect to sue in either court, citing as their authority Hunt v. Potter, 58 Miss. 96, and Lawson v. Dean, 144 Miss. 309, 109 So. 801, 110 So. 797. In the Hunt case, the sum and substance of the decision was that a judgment might have been obtained at law, and filed in the chancery court for allowance, but all in the same county, and ultimately reaching the chancery court thereof. It is not controlling here, if in point at all. The Lawson case declared correctly the law that chancery courts and circuit courts have concurrent jurisdiction in suits on the bonds of fiduciaries. Neither is it controlling or in point here.

The case of State ex rel. Gully, State Tax Collector v. Massachusetts Bonding & Ins. Company et al., 187 Miss. 66, 191 So. 285, is in point here. There, this Court said that under Section 352, Code 1930, now Section 1263, Code 1942, jurisdiction of all demands by creditors or others against an estate of a decedent is vested in the chancery court of the county in which letters of administration were granted. Section 1274, Code 1942, formerly Section 363, Code 1930. It was adjudged in the cited case that ''This statute does not confer jurisdiction, but fixes the venue or locality in which suits may be tried of which the chancery court has jurisdiction. Section 352, Code of 1930, confers the jurisdiction of suits of the character of the one here upon the chancery court of the county in

which letters of administration were granted. . . . Under this statute jurisdiction of all demands by creditors or others against an estate of a decedent is vested in the chancery court of the county in which letters of administration were granted, even though there are other defendants to the suit, some of whom may reside or be found in counties other than that in which the letters of administration were granted. Buie v. Pollock, 55 Miss. 309. See also 24 C. J. 768.'' Appellees say that the Gully case, supra, should be overruled, but with this we do not agree.

We are of the opinion, therefore, that the Chancery Court of Adams County was without jurisdiction in this case, and that the chancellor erred in overruling the general demurrer, aforesaid. It should have been sustained. For this error, the decree of the chancery court is reversed, and the original bill dismissed, with decree here for appellants.

Reversed and decree here for appellants, dismissing the original bill.