MARTIN *v.* REED, et ux.

No. 40549          December 2, 1957          98 So. 2d 765

*Reeves, Brumfield & Reeves, McComb,* for appellant.

*McClaren & Dixon,* for appellees.

LEE, J.

## ON MOTION TO DISMISS APPEAL

Ed Reed and wife, by their bill of complaint against Willie Martin, sought the reformation of a deed executed by them to him so as to include a restrictive covenant, the absence of which, they alleged, was due to his fraudulent representations, and also to enjoin him from selling beer and operating a nuisance on the premises in violation of the alleged restrictive covenant.

The defendant's demurrer, charging that there is no equity on the face of the bill, was overruled, the order providing that he "is hereby granted an interlocutory appeal to the Supreme Court of the State of Mississippi if he so chooses to settle the principles of law involved in this cause of action * *."

In Carothers v. Bank of Baldwyn, 158 Miss. 602, 131 So. 111, this Court said: "Appeals from amendable bills demurred to and the demurrer sustained *or overruled* do not settle all of the controlling principles of a case, and these cannot be known or determined sufficiently until the pleadings have been settled. If we entertained appeals to amendable bills from interlocutory decrees sustaining or *overruling demurrers,* it would result in delay and expense rather than save it." (Emphasis supplied)

In Stirling v. Whitney National Bank, 170 Miss. 674, 150 So. 654, the demurrers to the bill of complaint were overruled and an interlocutory appeal was granted to settle the principles. The Court said: "Again, as stated, there has been in this case only a bill and general and special demurrers thereto. Had the demurrers been sustained, the bill could be, and probably would have been, amended, thereby introducing further facts upon which further principles of the law would come into view. The demurrers were overruled, and when the answers come in there is no way now of knowing what additional matters of law would thus be introduced. * * *" In dismissing the appeal, the court cited the case of Carothers v. Bank of Baldwyn, supra, and quoted the above excerpt from the opinion therein. The opinion further said that, except in cases coming strictly within the statute, courts should follow the admonition set out in Bierce v. Grant, 91 Miss. 791, 45 So. 876, namely, that it is " 'far wiser to develop the whole cause fully, thoroughly, and satisfactorily on the facts making the case, and, after a final decree on the merits of the cause thus developed, to then, by proper appeal, present the various qustions reserved in the progress of the trial.' " See also Lott v. Windham, 191 Miss. 849, 4 So. 2d 342; Moore v. Stewart, 192 Miss. 158, 5 So. 2d 237; Yates v. Box, 194 Miss. 374, 11 So. 2d 802; and Wilson v. Wilson, 202 Miss. 540, 32 So. 2d 686.

The case of Trippe v. O'Cavanaugh, 203 Miss. 537, 36 So. 2d 166, cited by appellant, is not in point. In that case, the appellees, who had probated their claims against the estate of Joseph Cross, which was being administered in the Chancery Court of Harrison County, brought suit in the Chancery Court of Adams County to establish a lien on certain property of the Cross estate in that county. When the demurrer, charging that there was no equity on the face of the bill, was overruled, an appeal was prosecuted here. This Court said that the Chancery Court of Harrison County, not Adams County, was vested with jurisdiction of this matter; and that since the demurrer challenged the jurisdiction of the Chancery Court of Adams County, it should have been sustained. But, in the present case, the question of jurisdiction is not involved. If any court has jurisdiction to try this case, assuredly it is the Chancery Court of Pike County.

The appellant, when his demurrer was overruled, should have filed an answer. Consequently the interlocutory appeal was improvident and must be dismissed; but the dismissal in no way bars him from filing his answer and proceeding to trial.

Appeal dismissed.

*McGehee, C. J.,* and *Holmes, Arrington,* and *Ethridge, JJ.,* concur.