SWAGER *v.* SWAGER

No. 42647        January 14, 1963        148 So. 2d 516

*Robert L. Netterville,* Natchez, for appellant.

*Clay B. Tucker,* Woodville; *H. Alva Brumfield,* Baton Rouge, La., for appellee.

ETHRIDGE, J.

This case involves a preliminary chancery decree awarding the temporary custody of a child pending a hearing on the merits. We hold that an interlocutory appeal allowed from it was improvidently granted.

James E. Swager, appellant, and Mrs. Betty Lockhart Swager, appellee, were married in 1951. They had one child, Carolyn, born in October, 1953, and now about nine years of age. Mr. Swager obtained a divorce from the appellee in 1957, in a Louisiana district court, which awarded custody of the child to James Swager, with visitation rights in the mother. The father and Carolyn later moved to Wilkinson County, Mississippi.

In May, 1962 Mrs. Swager filed a bill of complaint in the Chancery Court of Wilkinson County against James Swager, averring material changes of condition, and asking for custody. On July 2, 1962 there was a hearing on her request for temporary custody, and, after receiving oral and documentary evidence, the chancery court held that it was to the welfare and best interest of the child that her temporary custody be given to complainant, Mrs. Swager, until the August, 1962 term, or such time as a permanent custody hearing could be held. The defendant, James Swager, was allowed an interlocutory appeal, but without supersedeas. The decree required that, before complainant could take her child out of the state, she would post a bond of $500 to return her to this jurisdiction for further orders.

On July 6 a Judge of this Court, in vacation, granted the father a supersedeas on his interlocutory appeal from the decree for temporary custody. On July 19 he declined to vacate the supersedeas, on the ground that under Miss. Code 1942, Rec., Sec. 1970, it was necessary for the Court, and not an individual judge, to dissolve a supersedeas previously granted. Since the decree of July 2, 1962 for temporary custody, there have been two terms of the chancery court. The record has not yet been filed in this Court.

(Hn 1) In December, 1962 appellee, Mrs. Swager, filed a motion to vacate the supersedeas previously granted. Although a certificate reflects proper notice to opposing counsel, no answer has been filed to this motion. On that ground alone it should be sustained. In addition, the chancery court heard evidence on the application for temporary custody, and awarded it to Mrs. Swager. Its action is presumed correct until shown otherwise. This is not a case where supersedeas lies as a matter of right. The evidence in the trial court is not before us. Under these circumstances, a supersedeas was not proper. Miss. Code 1942, Rec., Sec. 1970; Alabama & V. Ry.

Co. v. Bolding, 69 Miss. 264, 13 So. 846 (1891); Sartin vs. Barlow, 196 Miss. 159, 16 So. 2d 372 (1944); Orkin Exterminating Co. v. Posey, 218 Miss. 611, 67 So. 2d 526 (1953).

(Hn 2) However, the appeal was improvidently granted by the chancery court, and this Court of its own motion will dismiss it. Ward v. Whitfield, 64 Miss. 754, 2 So. 493 (1887); Martin v. Reed, 232 Miss. 258, 98 So. 2d 765 (1957); Farrar v. Phares, 232 Miss. 391, 99 So. 2d 594 (1958). This interlocutory appeal will not settle the controlling principles involved in the cause, or avoid expense and delay. Miss. Code 1942, Rec., Sec. 1148. In fact, it has produced considerable delay in final disposition of this case. Since the chancery court allowed an interlocutory appeal, two terms of court have intervened, at which this matter might have been heard on the merits with a final decree.

The court's order for temporary custody was a preliminary decision, pending hearing of the cause on the merits. It settled nothing. Ordinarily the interests of all parties will be advanced, and justice more speedily and economically administered, by proceeding to a final decree, as should have been done here. Griffith, Miss. Chancery Practice (1950), Sec. 682. The interlocutory appeal from the decree for temporary custody was improvidently granted. It was not within the limitations of Code Sec. 1148. Hence it will be dismissed. For this reason, appellee's motion to vacate the supersedeas becomes moot.

Appeal dismissed.

All Justices concur, except Arrington, J., who took no part.