¶ 23. The chancellor below had sufficient evidence before him to properly apportion the attorneys' fees. Given this Court's conclusion in Moreland III that declaratory judgment by the chancellor was proper, it is clear that the contract between Mittie Moreland and the Russell firm was a binding contingency contract. Riley v. Moreland, 537 So.2d 1348, 1353 (Miss. 1989). This case should be remanded with specific instructions for the chancellor to apportion the proper fee amount to the Russell firm.
¶ 24. Moreland III stated that the determination of the extent and amount of fees was to be made by the court below when it had before it "all the necessary information concerning the extent and value of services rendered under the contract." Id.
at 1355. The chancellor had a wealth of evidence to show that the Russell firm was entitled to at least a portion of the fees. The Russell firm established Mittie Moreland as the administratrix of the Mark Moreland estate, and subsequently filed the Lee County wrongful death suit on behalf of the estate. The firm also handled the motions and responses related to Jane Riley's efforts to assume authority over the estate and the wrongful death suit. As the majority notes, throughout the squabble that ensued between Riley and Moreland, the Russell firm continued to perform services pursuant to the contract between it and Moreland as related to the wrongful death case.
¶ 25. Therefore, it is apparent that the Russell firm did some of the work for which it was initially retained, associated another firm to prosecute the wrongful death case in Alabama, and continued to perform various tasks on Moreland's behalf. Even if the Langston firm did more work than the Russell firm, as the chancellor below and the majority now imply, the Russell firm should still be allowed a portion of the fees. Even if the services provided by the Russell firm do not reach the requested 60%, the chancellor had before him evidence that the Russell firm, as required by its contingency fee arrangement, provided services. Such evidence precludes a finding that the Russell firm is not entitled to some portion of the attorneys' fees. The chancellor was, therefore, manifestly in error.
¶ 26. Accordingly, I dissent.
MILLS, J., joins this opinion. *Page 1064