IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-60279
Conference Calendar

---

ERIC FORD WASH,

Plaintiff-Appellant,

versus

ROBERT L. JOHNSON, COMMISSIONER,
MISSISSIPPI DEPARTMENT OF CORRECTIONS;
WALTER BOOKER, Superintendent;
JOHN H. BEARRY, Doctor, Doctor at Unit 42,
Parchman,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-226-P-D
- - - - - - - - - - -
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eric Ford Wash, Mississippi prisoner # 76258, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Wash argues that prison officials unconstitutionally denied medical treatment for problems with his tonsils, kidneys, and left leg. He further argues that the district court did not permit him to conduct adequate discovery. Wash also has filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motions for appointment of counsel and for a temporary restraining order. These motions are DENIED.

Wash fails to demonstrate that the district court's dismissal as frivolous was an abuse of discretion. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). He filed an identical claim in state court that was denied on the merits. Wash argues that his 42 U.S.C. § 1983 complaint should not be dismissed as res judicata because his state court filing was not a federal civil rights action, but merely a motion for a court order for surgery or additional tests. Under the Mississippi law of res judicata, the state court judgment had a preclusive effect on Wash's filing a 42 U.S.C. § 1983 complaint in federal court. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 84-85 (1984); *Riley v. Moreland*, 537 So. 2d 1348, 1354 (Miss. 1989). The fact that Wash sought monetary relief in the instant civil rights action but did not seek monetary relief in the prior state action does not bar the application of the doctrine of res judicata. *See Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983).

Wash's appeal has no arguable basis in law or fact; therefore, it is DISMISSED as frivolous. *See King v. Howard*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal under 28 U.S.C. § 1915 counts as a strike against Wash. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). This court's dismissal counts as another strike. If Wash accumulates three strikes, he may not proceed in forma

pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

DISMISSED; SANCTIONS WARNING ISSUED; MOTIONS DENIED.