DAN M. LEE, Justice,
for the Court:
On November 17, 1981, Mike L. Gordon, a minor by next friend, Willie Mae Lewis,[1] filed a petition for an order of filiation and child support against Moses Wheat. At the close of Gordon’s case, Wheat moved for a directed verdict on the grounds that Gordon failed to put on any evidence as to the gestation period of the child, i.e., medical evidence of whether the child was premature, overdue, or when it was conceived. The County Court of the First Judicial District of Hinds County, Jack A. Travis presiding, sustained Wheat’s motion and Gordon appeals. We reverse.
We begin by noting that Wheat has failed to file a brief in this cause with this Court. That failure is tantamount to a confession of error. Price v. Price, 430 So.2d 848 (Miss.1983).
Willie Mae Lewis met Moses Wheat in 1963. Lewis was 14 years old and Wheat was an adult. Lewis and Wheat had sexual intercourse twice during the month of May and once in June in the year 1964. Gordon was allegedly conceived during one of these encounters. Lewis had a menstrual period on May 11, 1964, but missed her June period. She soon realized that she was pregnant and on February 19, 1965 and gave birth to Gordon.
Wheat acknowledged he was Gordon’s father on numerous occasions, beginning in July, 1964 when Lewis told him she was pregnant. At that time, Wheat gave her $50 with which to have an abortion. Lewis decided instead to have the baby. When the child was born, Wheat paid the midwife’s expenses for the delivery. Periodically Wheat gave small sums of money to Lewis to help care for the child. He visited with the child on numerous occasions and Gordon often stayed with Wheat’s mother during the summer. Furthermore, Wheat occasionally referred to Gordon as his son, and had intimated such in letters he had written to him.
Contrary to Wheat’s position at trial, Gordon presented evidence which amply supported the implication of a normal gestation period. In addition, Gordon set out facts which at the very least presented a prima facie ease that Wheat was the father of the child. Most notably, it was not disputed that there was sexual intercourse between the mother and the alleged father; no birth control was used; the mother’s menstrual periods stopped after this intercourse; the child was born in what could easily be deemed a normal gestation period *1088 following the intercourse; and the alleged father made declarations and admissions acknowledging the child.
A motion for directed verdict requires that this Court accept as true the testimony for the plaintiff and all reasonable inferences raised therein. Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 656 (Miss.1975). A directed verdict should not be granted when the testimony inferences reasonably support the plaintiffs position.
We have held many times that in passing on a motion for a directed verdict the court must look only to the testimony adduced for the plaintiff and accord truthfulness to it and indulge all favorable inferences that could be drawn therefrom, and if either is sufficient to support a verdict, then the motion for a directed verdict should be overruled. We have also stated in considering a motion for a directed verdict that it should be overruled even though a verdict in favor of the plaintiff would be contrary to the overwhelming weight of the evidence. King v. Dudley, 286 So.2d 814 (Miss. 1973).
Paymaster, at 655.
It is clear from the facts presented in this case that Wheat was not entitled to a directed verdict. There was ample evidence supporting the appellant’s claim alleging that Moses Wheat was the putative father. Therefore, we hereby reverse the judgment below and remand for a new trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.

. Nee Willie Mae Gordon