622 So.2d 1257 (1993)
Frances TRAMMELL,
v.
STATE of Mississippi and the Mississippi Commission on Natural Resources, Bureau of Recreation and Parks.
No. 90-CA-802.
Supreme Court of Mississippi.
August 19, 1993.
*1258 D. Briggs Smith Jr., Smith Phillips Mitchell & Wilroy, Batesville, for appellant.
*1259 Michael C. Moore, Atty. Gen., Robert E. Sanders, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, C.J., and SULLIVAN and McRAE, JJ.
SULLIVAN, Justice, for the Court:
On March 1, 1985, Frances Trammell suffered severe and permanent injury to her right eye when she was hit by a tennis ball at the recreational gym facilities at John Kyle State Park in Panola County. The gym is located on land owned by the United States of America but used and occupied by the Mississippi Commission on Natural Resources, Bureau of Recreation and Parks (Park Bureau) pursuant to a fifty (50) year license agreement executed June 7, 1951, by the Secretary of the Army acting on behalf of the United States. The gym is a part of recreational facilities offered visitors and guests of John Kyle State Park. A fee is charged for use of the facilities.
Trammell's complaint, filed on February 21, 1990, against the State and Park Bureau alleges:
The Defendant, STATE, entered into a private contract with the Plaintiff, FRANCES TRAMMELL, and charged a fee for the use of the premises of John W. Kyle State Park. The STATE charges a fee for the use of the premises for the purpose of providing outdoor recreational activities and enjoyment for the citizens of the State of Mississippi and for the purpose of attracting visitors to the state. The Defendant, STATE, failed to comply with the requirements incorporated into the aforesaid contracts and agreements required for the safety of the business invitees of the Defendant, STATE, specifically, the Plaintiff, FRANCES TRAMMELL. The Defendant, STATE, is liable to the Plaintiff as a third party beneficiary of the lease contract between the United States of America and the STATE, by breach of the private contract entered into between the Plaintiff, FRANCES TRAMMELL, and the Defendant, STATE, and by commission of a tort.
* * * * * *
At the time of the injury complained of herein, the Defendant failed to provide qualified personnel on duty to conduct the activities of the gym. No rules or regulations as to the use of the gym for various athletic games were posted. The gym and outside tennis courts were under the control, supervision, and maintenance of the Defendant. The Defendant failed to provide adequate warnings concerning the use of the multipurpose gymnasium.
The State responded with a 12(b)(6) motion and amended the motion providing as its basis for dismissal the following:
(1) The Plaintiff's cause is barred by the statute of limitation. Miss. Code Ann. § 15-1-29 (1972);
(2) The Plaintiff's claims are barred by the doctrine of res judicata;
(3) The contracts provided by the Plaintiff state no basis for a cause of action against Defendants; and
(4) Defendants are immune from Plaintiff's claims, if any, based on the defense of sovereign immunity.
On July 9, 1990, the trial court entered an order granting the 12(b)(6) motion and dismissing Trammell's complaint with prejudice for "failure to state a claim." Trammell appeals to this Court contending the trial court erred in granting the 12(b)(6) motion.

SCOPE OF REVIEW
The scope of review of a M.R.C.P. 12(b)(6) motion is that the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. Overstreet v. Merlos, 570 So.2d 1196, 1197 (Miss. 1990).

STATUTE OF LIMITATIONS
Trammell's contention that she is a third party beneficiary of the written contract *1260 (license agreement) between the United States and the State of Mississippi, and therefore, the State/Park Bureau cannot rely on the three year limitation period prescribed by Miss. Code Ann. § 15-1-29 (1972 & Supp. 1992) for unwritten contracts is without merit. An examination of the license agreement shows that it cannot possibly vest third party beneficiary rights in Trammell for her asserted claim.
The right of a third party beneficiary to maintain an action on the contract must "spring" from the contract terms. Burns v. Washington Savings, 251 Miss. 789, 796, 171 So.2d 322, 325 (1965). A third party beneficiary may sue for a contract breach only when the alleged broken condition was placed in the contract for his direct benefit. No right against the contract promissor or promissee is acquired by a mere incidental beneficiary. Mississippi High School Activities Association v. Farris, 501 So.2d 393, 396 (Miss. 1987); Hartford Accident and Indemnity Company v. Hewes, 190 Miss. 225, 234, 199 So. 93, 95 (1940). Under the facts and applicable law, we cannot find in the license agreement the creation of a contractual right resulting in direct third party benefits to Trammell.
More troublesome is the effect of the tort allegations arising from the unwritten contractual rights of Trammell against State/Park Bureau. The complaint alleges, and we take it to be true, that the State/Park Bureau charged and Trammell paid a fee for use of the gym facilities. Specifically, paragraph 12 of the complaint alleges:
Plaintiff, FRANCES TRAMMELL, entered into a contract with the STATE for the use of the premises located at the John Kyle State Park. The Plaintiff paid a fee for the use of the premises and the Defendant, STATE, owed a duty to the Plaintiff as a business invitee. The Defendant, STATE, breached its duty by its actions as hereinafter stated in Paragraph 13... .
Paragraph 13 of the complaint states:
The STATE OF MISSISSIPPI was negligent in the following respects:
(a) In the design, construction and maintenance of the multipurpose gym;
(b) In the design, construction and maintenance of the outdoor tennis courts;
(c) In failing to provide a qualified person on duty at all times when the gym facility was in use;
(d) In failing to warn of the danger of participating in several games at the same time in the multipurpose facility;
(e) In failing to post proper rules and regulations concerning the use of the gym;
(f) In failing to maintain the outdoor tennis courts in a proper state of repair;
(g) In failing to maintain proper control over the use of the gym;
(h) In failing to require that all groups using the gym are to be accompanied by properly qualified certified personnel.
We know a contract when we see one and we know a tort when we see one, but the water becomes muddy when we consider issues of tort emanating from contractual obligations.
51 Am.Jur.2d, Limitation of Actions, § 105 (1970) tells us:
[T]he prevailing rule is that where a statute, specific in terms, limits the time within which an action for injuries to the person may be brought, such statute governs all actions the real purpose of which is to recover for such an injury whether based upon contract or tort. So too, whether an action is ex contractu or ex delicto does not ordinarily affect the applicability of a statute declaring that an action for damages for injury resulting from negligence must be commenced within a prescribed time after the cause of action accrues, where the nature and origin of the liability asserted are, regardless of form, a liability for damages caused by negligence. (Emphasis added).
In United Companies Mortgage of Miss. v. Jones, 465 So.2d 1083 (Miss. 1985), and Hutchinson v. Smith, 417 So.2d 926 (Miss. 1982), we considered the applicable statute of limitations for legal malpractice. In both cases we held that actions arising from contractual relations but sounding in *1261 negligence were governed by Miss. Code Ann. § 15-1-49 (six year statute) instead of Miss. Code Ann. § 15-1-29 (three year statute). We recognized in United Companies Mortgage of Miss. that legal malpractice actions may sound in either contract or tort.
M.R.C.P. 18(a) provides, "(a) Joinder of Claims. A party asserting a claim to relief as an original claim ... may join, either as independent or as alternate claims, as many claims as he has against an opposing party." This rule eliminates any restrictions on claims that may be joined in actions in Mississippi courts.
In sum, actions in contract and tort may now be joined in the same complaint. United Companies and Hutchinson confirm that tort actions arising from contractual obligations should be controlled by and subject to the tort prescriptions of Miss. Code Ann. § 15-1-49.

RES JUDICATA
Trammell initially filed suit in the U.S. District Court for the Northern District of Mississippi against the State and the United States Corps of Engineers which constructed much of the park area. The same basic facts were alleged in federal court. The State moved to dismiss the federal suit relying on Eleventh Amendment immunity from suit in federal court. The motion was sustained and the action dismissed without prejudice.
It is clear from a review of the record that Eleventh Amendment immunity was the sole reason for dismissal of the federal suit. Res judicata may not rest on such a tenuous premise. Res judicata only applies to questions actually litigated and determined by or essential to the judgment rendered in the former proceedings. Riley v. Moreland, 537 So.2d 1348, 1354 (Miss. 1989).
The State and Park Bureau abandoned hope of affirmance on the basis of res judicata as they did not address this issue in their brief. Failure of State/Park Bureau to reply to the issue is tantamount to a confession that Trammell's position is correct. See Gordon by Lewis v. Wheat, 465 So.2d 1087 (Miss. 1985), and Jackson v. Walker, 240 So.2d 606 (Miss. 1970).

SOVEREIGN IMMUNITY
Sovereign immunity is an eroding doctrine. See Tucker v. City of Okolona, 227 So.2d 475 (Miss. 1969) (maintenance and operation of traffic control light held "proprietary function" of municipality and, therefore, not protected by sovereign immunity); Grantham v. Mississippi Department of Corrections, 522 So.2d 219 (Miss. 1988) (allegations against parole board members sufficient to "pierce shield" of officials' qualified immunity in a suit); Strait v. Pat Harrison Waterway District, 523 So.2d 36 (Miss. 1988) (sovereign immunity expressly waived to extent of insurance purchase).
In Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), we reviewed the sovereign immunity doctrine history which emanated from the ancient principle that "the king can do no wrong." In Pruett, we related that our history is fraught with theories and action diametrically opposed to the sovereign immunity doctrine. The purposes of the revolutionary war included severance of control by the king who could do no wrong. Article I, § IX of our United States Constitution provides that "no title of nobility shall be granted by the United States." The thought of anyone being immune from responsibility for wrongdoing is foreign to our basic beliefs. It is, therefore, readily understood why the doctrine has been abrogated and abolished by practically all the states. In Pruett, judicially created sovereign immunity was abolished prospectively. Subsequent to Pruett, legislatively imposed immunity has been a continuing subject of controversy. Further doctrinal erosion is gleaned from later cases. See Presley v. Mississippi State Hwy. Com'n, 608 So.2d 1288 (Miss. 1992).
The immunity issue in this case was resolved and is controlled by the recent case of Churchill v. Pearl River Basin Dev. Dist., 619 So.2d 900 (Miss. 1993). In Churchill, we held in a similar factual *1262 context that sovereign immunity does not bar action against the State or its political subdivisions brought on a breach of contract theory. In Churchill, we stated:
[T]he appellees had charged Churchill's group an admission fee as well as a fee for renting an inner tube. The receipt of that fee promised not only admission to the water park, but also carried with it the implied promise that the premises were safe for the enjoyment of water sports. Accordingly, we find that there existed an implied contract between the appellees and those who paid an admission fee to use the water park facility.
Sovereign immunity does not bar actions against the state or its political subdivisions brought on a breach of contract theory. Miss. State Department of Welfare v. Howie, 449 So.2d 772 (Miss. 1984); Cig Contractors v. Miss. State Bldg. Comm'n, 399 So.2d 1352 (Miss. 1981)... .
Churchill had a viable claim in contract against both the District and the County which was not barred by the doctrine of sovereign immunity.
619 So.2d at 903.
Trammell's action was not barred by the statute of limitations, res judicata, or sovereign immunity. The judgment of the trial court dismissing the complaint is reversed and this cause is remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi, for trial on the merits.
REVERSED AND REMANDED.
HAWKINS, C.J., PRATHER, P.J., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., not participating.