DUFRESNE, Judge.
The only issue before us in this matter is whether the trial judge erred in denying a motion, urged by Allstate Insurance Co., the judgment debtor, seeking to amend or clarify a final judgment. In his reasons for judgment on the motion, the judge noted that the clarification or amendment sought would constitute a change in the substance of the judgment in violation of La.Code Civ.Pro., art. 1951. Because we agree that the change sought is substantive, we affirm.
This suit arose out of an automobile accident in 1987. The plaintiffs, Virginia and Eric Smith, sued the tortfeasor and her insurer, as well as their own uninsured motorist carrier, Allstate Insurance Co. Prior to trial the tortfeasor and her insurer settled with the Smiths for $10,000. Also prior to trial, Allstate made an unconditional tender of $4,500 to plaintiffs. On May 9, 1991, a jury awarded Virginia Smith $15,000 in damages. A judgment based on this verdict was signed on January 29, 1992, and stated pertinently:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Virginia Smith and against the defendant, Allstate Insurance Company in the full sum of $15,000.00, plus legal interest thereon from date of judicial demand until paid plus all cost of these proceedings.
IT IS FURTHER ORDERED THAT Allstate Insurance Company is entitled to a credit of $14,500.00 against the total sum due above.
*519 Allstate did not seek a new trial, nor did it take an appeal from this judgment. Instead, on June 10, 1992, over four months after the judgment was signed, it urged a motion to amend and clarify the judgment. This motion was denied by the trial judge on October 16, 1992, and Allstate now seeks relief in this court.
Allstate’s argument in the district court, which it reurges here, is that a UM carrier is not obligated to pay legal interest on any portion of a judgment other than the amount due under its UM policy, citing Pugh v. Gondrella, 622 So.2d 1257 (La.App. 4th Cir. 1988). It contends that the judgment at issue should therefore properly be read to provide a $10,000.00 set-off against the jury verdict of $15,000.00, and impose legal interest against Allstate only on the balance of $5,000.00, further taking into account its pretrial tender of $4,500.00.
In his reasons for judgment, the trial judge rejected this proposed reading and determined instead that such a result would require a prohibited substantive change in the judgment. We agree.
It is settled law that the amendments to final judgments authorized by La.Code Civ. Pro., art. 1951, are those which take nothing from or add anything to the original judgment, Villaume v. Villaume, 363 So.2d 448 (La.1978). It is further the law that any change in the principal amount set forth in the judgment upon which legal interest is to be calculated is a substantive change not permitted by article 1951, Pringle Associated Mortgage Corp. v. Cox, 234 So.2d 854 (La. App. 1st Cir.1970); Lovell v. Lovell, 545 So.2d 1314 (La.App. 1st Cir.1989); Texas Bank of Beaumont v. Bozorg, 496 So.2d 1215 (LaApp. 5th Cir.1986).
In the present case, the first sentence of the judgment provides an award in favor of the plaintiff and against Allstate as the sole judgment debtor, in the amount of “$15,-000.00, plus legal interest thereon from date of judicial demand” (emphasis added), plus costs. The second sentence then provides “a credit of $14,500.00 against the total sum due above” (emphasis added). It is thus clear that the interest is to be calculated on $15,-000.00 from date of demand. That interest is then to be added to the $15,000.00 award, along with costs, and from this total figure the credit of $14,500.00 is to be subtracted. It is evident that the reading proposed by Allstate would result in a substantial reduction of the amount owing to plaintiffs.
Further, any amendment of the wording of the judgment to provide what Allstate asserts it should originally have said, would likewise constitute a substantive change. This is the determination reached by the trial judge, and we rule that he was correct in so finding and denying Allstate’s motion to clarify or amend the judgment.
We finally note that we make no determination here as to whether or not Allstate’s position is correct in regard to the liability of a UM carrier for legal interest beyond its share of a judgment. Whatever the merits of that argument, the issue which it addresses is not before us because the original judgment in this case was not challenged by a timely motion for a new trial or by way of appeal. In this circumstance, we cannot make any substantive changes in the judgment which has now become final, see Dunken v. New Orleans Baptist Theological Seminary, 411 So.2d 71 (La.App. 4th Cir.1982).
For the foregoing reasons, the judgment of the district court denying Allstate’s motion to amend or clarify the judgment is hereby affirmed.

AFFIRMED.