# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 21-60785
Summary Calendar

───────────

Gilberto Alarcon Mortera,

*Plaintiff—Appellant*,

*versus*

State Farm Fire and Casualty Company,

*Defendant—Appellee*.

───────────

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:20-CV-224

───────────

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Plaintiff Gilberto Alarcon Mortera ("Mortera") owns a condominium unit at the Kona Villa complex in Diamondhead, Mississippi. Around mid-2018, his unit was damaged after a water leak occurred in the unit above his. The leak damaged carpeting, drywall, molding and trim, light fixtures,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60785

window blinds, electrical outlets, plumbing fixtures, furniture, and other accessories. Mortera suffered approximately $59,720.40 in losses. He sought payment for his damages from State Farm Fire and Casualty Company ("State Farm"). State Farm reviewed the policy under which Mortera sought to recover and determined it only covered Kona Villa Owners Association ("Kona Villa"), not Mortera, and that individual unit owners were responsible for damages to the interior of their units. Mortera then sued State Farm for breach of contract.

State Farm moved for summary judgment which the district court granted after determining that Mortera was not a party to the insurance policy in question and that he was a mere incidental beneficiary and thus could not sue for recovery. Mortera now appeals the district court's grant of summary judgment for State Farm. We AFFIRM.

## I.

"This court reviews de novo a district court's grant of summary judgment, applying the same standard as the district court." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (citing *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We view all evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in its favor. *Bolton v. City of Dallas*, 472 F.3d 261, 261 (5th Cir. 2006).

## II.

This diversity action is governed by Mississippi substantive law. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 399 (5th Cir. 2008). Under Mississippi law, a breach of contract case consists of two elements: "'(1) the existence of a valid and binding contract,' and (2) a

No. 21-60785

showing 'that the defendant has broken, or breached it.'" *Maness v. K & A Enters. of Miss., LLC,* 250 So. 3d 402, 414 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)).

Mississippi law requires the following elements to form a valid contract: "(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *GGNSC Batesville, LLC v. Johnson*, 109 So. 3d 562, 565 (Miss. 2013) (quoting *Adams Cmty. Care Ctr., LLC v. Reed*, 37 So. 3d 1155, 1158 (Miss. 2003)).

When interpreting an insurance policy under Mississippi law, courts "look at the policy as a whole, consider all relevant portions together and, whenever possible, give operative effect to every provision in order to reach a reasonable overall result." *J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 723 So. 2d 550, 552 (Miss. 1998). An endorsement "controls the policy insofar as it enlarges, modifies or restricts the terms" of the policy. *Camden Fire Ins. Ass'n v. New Buena Vista Hotel Co.,* 24 So. 2d 848, 850 (1946).

"[I]f a contract is clear and unambiguous, then it must be interpreted as written." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009) (quoting *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008)). Although "ambiguities must be resolved in favor of the non-drafting party," they "do not exist simply because two parties disagree over the interpretation of a policy." *Id.* Instead, "[a]mbiguities exist when a policy can be logically interpreted in two or more ways, where one logical interpretation provides for coverage." *Id.*

## A.

Mortera asserts that the insurance policy expressly covers this matter because the policy contemplates coverage for unit owners and the type of

No. 21-60785

property destroyed. As a threshold matter, the introductory language in the policy states that for purposes of coverage, "the words 'you' and 'your' refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy." Mortera's name does not appear under the "Named Insured" portion of the declarations page or anywhere else in the policy. Only Kona Villa is listed as a named insured. So, we must determine whether Mortera has coverage as "any other person . . . qualifying as a Named Insured under this policy." *Id.*

As an indication of his coverage, Mortera cites the following provision that details covered property and is contained in the Residential Community Association Endorsement:

> Any of the following types of property contained within an individual unit, regardless of ownership:
>
> (a) Fixtures, improvements and alterations that are a part of the building or structure; and
>
> (b) Appliances, such as those used for refrigerating, ventilating, cooking, dishwashing, laundering, security or housekeeping.

Mortera argues that because some of his property damage could be covered under the insurance policy, he is therefore a party to the contract. However, he cites no support for the assertion that the policy's contemplated coverage for some of his property confers his legal status as a contracting party who provided adequate consideration. And we decline to read such contractual language into the policy to provide a basis for Mortera's claim.

Mortera also argues that because another policy endorsement identifies individual unit owners as insured under the policy, he is an insured party. At first blush, this argument seems compelling, but we must "consider all relevant portions together" and "give operative effect to every provision." *J & W Foods Corp.*, 723 So. 2d at 552. Here, Section II of the

No. 21-60785

Residential Community Association Endorsement to the policy defines an "insured" as:

Any unit-owner including:

(1) The declarant, builder, sponsor, developer or promoter in the capacity as a unit-owner, but only with respect to the declarant's, builder's, sponsor's, developer's or promoter's *liability* arising out of:

> (a) The ownership, maintenance or repair of that portion of the premises which is not owned solely by the declarant, builder, sponsor, developer or promoter; or

> (b) The declarant's, builder's, sponsor's, developer's or promotor's membership in the association.

(2) Each other unit-owner of the described condominium association or similar community association, but only with respect to that person's *liability* arising out of:

> (a) The ownership, maintenance or repair of that portion of the premises which is not owned solely by the unit-owner; or

> (b) Membership in the association

Importantly, the policy's plain language constrains this definition: "In **SECTION II – LIABILITY**, the word 'insured' means any person or organization qualifying as such under **SECTION II – WHO IS AN INSURED**." Thus, if someone qualifies as an insured under Section II, he qualifies for coverage under Section II. This is the plain meaning of the text. Nowhere in the policy does Section II (Liability) expand its definition of "insured" to Section I (Property). While Mortera may have Section II liability coverage in certain instances, this provision does not demonstrate that he is insured for property damage under Section I.

No. 21-60785

## B.

Mortera also asserts that even if he is not insured under the policy, he has standing to sue for breach as a third-party beneficiary. Under Mississippi law, a non-party to a contract may sue for breach of contract as a third-party beneficiary. *Burns v. Washington Savings*, 171 So. 2d 322, 324 (Miss. 1965). However, "a third[-]party beneficiary may sue for a contract breach only when the alleged broken condition was placed in the contract for his *direct* benefit." *Trammell v. State*, 622 So. 2d 1257, 1260 (Miss. 1993) (emphasis added). The Mississippi Supreme Court provides the following analysis to determine third-party beneficiary status:

> (1) When the terms of the contract are expressly broad enough to include the third party either by name or as one of a specified class, and (2) the said third party was evidently within the intent of the terms so used, the said third party will be within its benefits, if (3) the promisee had, in fact, a substantial and articulate interest in the welfare of the said third party in respect to the subject of the contract.

*Simmons Hous., Inc. v. Shelton*, 36 So. 3d 1283, 1286 (Miss. 2010) (quoting *Yazoo & M.V.R. Co. v. Sideboard*, 133 So. 669, 671 (Miss. 1931)). This court has recognized that a third-party beneficiary under Mississippi law "must show that 'the condition which is alleged to have been broken was placed in the contract [between third parties] for his direct benefit.'" *Gerard J.W. Bos & Co., Inc. v. Harkins & Co.,* 883 F.2d 379, 382 (5th Cir. 1989) (quoting *Ivy's Plumbing and Elec. v. Petrochem Maint.*, Inc., 463 F. Supp. 543, 549 (N.D. Miss. 1978)).

In contrast, an incidental beneficiary to a contract does not acquire any rights under the agreement. *Rosenfelt v. Miss. Dev. Auth.*, 262 So. 3d 511, 519 (Miss. 2018) (citing *Miss. High Sch. Activities Ass'n, Inc. v. Farris ex rel. Farris*, 501 So. 2d 393, 396 (Miss. 1987)). A third party who is a "mere incidental

6

No. 21-60785

beneficiary" lacks standing to sue for its breach. *Trammell*, 622 So. 2d at 1260. The Mississippi Supreme Court has held that a third party is an incidental beneficiary rather than a third-party beneficiary when the contract benefits flow directly to the contracting party and not to the third party; "some benefit" is insufficient to confer third-party status. *See, e.g., Farris,* 501 So. 2d at 396 (concluding that "[w]hile the students obviously receive some benefit . . . the benefit is more incidental than direct"); *Rein v. Benchmark Constr. Co.,* 865 So. 2d 1134, 1147 (Miss. 2004) (noting the lack of relationship between the parties to support the conclusion that there were only "incidental benefits from the contract").

As discussed, Mortera's name does not appear anywhere in the policy. Section I coverage for property damage, which the parties agree is the relevant provision, does not include Mortera as a beneficiary. It exclusively names Kona Village as a beneficiary for property damage. Section I does, however, extend coverage to certain property that Mortera alleges was damaged because of the leak. Yet Mortera presents no indication that this provision was placed in the policy "for his direct benefit," *Trammell*, 622 So. 2d at 1260, and that he was "within the intent of the terms so used," *Simmons,* 36 So. 3d at 1286. Instead, the policy language indicates that coverage was *not* intended for individual unit owners. After explaining what types of property are covered under Section I, the policy states that it does not cover "personal property owned or used by or in the care, custody or control of a unit-owner except for personal property listed in Paragraphs (a) or (b)." This limitation highlights the incidental nature of any benefits to Mortera. Lastly, Mortera does not explain how the policy's potential coverage under Section II's liability provisions for unit owners is "broad enough to include [him]" for coverage under Section I as well. *Id.*

Third-party beneficiary status "must spring from the terms of the contract itself," and Mortera cites no provision of the contract—as opposed

No. 21-60785

to other extrinsic evidence—indicating the policy benefits directly flow to him. *Burns*, 171 So. 2d at 325. And we find no indication within the policy that the contract's provisions directly benefit Mortera. So the district court correctly determined that, while there may be incidental benefits to Mortera, the express terms of the contract dictate that the benefits for property damage flow directly to Kona Village, not Mortera.

## III.

Mortera has failed to create any genuine issue of material fact that he was a party to the policy such that a breach could have occurred. And because Mortera's claims for damages were premised wholly on his failed breach of contract claim, these claims likewise fail. The district court properly granted summary judgment.

For the foregoing reasons, we AFFIRM.